IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JASON EDWIN DYNES,<br><br>Defendant. | CR 24-08-BLG-SPW<br><br>ORDER |

The Government has filed an Opposed Motion for Preliminary Order of Forfeiture (Doc. 22).

Defendant opposes the motion based on a three-judge panel of the Ninth Circuit's recent decision in *United States v. Duarte,* 101 F.4th 657 (9th Cir. 2024). The panel found that the statute, 18 U.S.C. § 922(g), which prohibits convicted felons from possessing firearms, was unconstitutional as applied to Duarte, a nonviolent felon. On July 27, 2024, the Ninth Circuit granted rehearing *en banc* in the case and vacated the three-judge panel's decision. 101 F.4th 657, *reh'g en banc granted, opinion vacated,* __ F.4th __, 2024 WL 3443151 (9th Cir. Jul. 17, 2024).

Defendant claims that should the Ninth Circuit's decision in *Duarte* be upheld on rehearing, he would be a candidate to withdraw his guilty plea in this matter. Therefore, it would be premature to initiate forfeiture proceedings against Defendant until the Ninth Circuit has issued its final opinion in the matter of *Duarte.* (Doc. 24

1

at 2).

The Government did not reply.

On August 5, 2024, the Court held the motion in abeyance pending the Ninth Circuit's mandate in *Duarte*. (Doc. 25).

Upon further consideration of the matter, the Court will lift the abeyance and grant the motion. Once the Ninth Circuit vacated the three-judge panel's decision holding the statute was unconstitutional, the decision became void. No mandate will be filed, and abeyance is no longer warranted.

Further, the three-judge panel's decision, having been vacated, cannot be relied on by a party to argue an issue in front of the Court. With no other grounds for Defendant's opposition to the Government's motion, the Court will grant the motion.

The Court also is compelled to lift the abeyance and rule on the motion by its interest in the expeditious resolution of cases. On August 2, 2024, the Ninth Circuit delayed the oral argument for rehearing by three months, from September 23, 2024, to December 9, 2024. Order, United States v. Duarte, No. 22-50048 (9th Cir. Aug. 2, 2024), ECF 87. The Ninth Circuit also asked the parties to file supplemental briefs on whether the court should remand the case to the district court for further proceedings. *Id.* This Court cannot know how fast the Ninth Circuit will act or what it will decide, so the lack of certainty on when the question raised in *Duarte* will be

2

resolved favors resolution of the instant motion rather than waiting for an unknowable amount of time for the Ninth Circuit to act.

IT IS HEREBY ORDERED that the Court's abeyance is LIFTED (Doc. 25), and Government's Motion for Preliminary Order of Forfeiture (Doc. 22) is GRANTED.

IT IS FURTHER ORDERED:

THAT Jason Edwin Dynes's interest in the following property is forfeited to the United States in accordance with 18 U.S.C. § 924(d):

- Kahr Arms, model CW40, .40 caliber, semi-automatic pistol, serial number ZB1873; and

- Any associated ammunition, including 3 rounds of assorted .40 caliber ammunition.

THAT the Bureau of Alcohol, Tobacco, Firearms and Explosives, or its designated sub-custodian, is directed to seize the property subject to forfeiture and further to make a return as provided by law;

THAT the United States will provide written notice to all third parties asserting a legal interest in any of the above-described property and will post on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Court's Preliminary Order and

the United States' intent to dispose of the property in such manner as the Attorney General may direct, pursuant to 18 U.S.C. § 924(d) and 21 U.S.C. §853(n)(1), and to make its return to this Court that such action has been completed; and

THAT upon adjudication of all third-party interests, if any, the Court will enter a Final Order of Forfeiture.

The Clerk of Court is directed to notify the parties of the making of this Order.

DATED this 6th day of August, 2024.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge