IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JASON EDWIN DYNES,<br><br>Defendant. | CR 24-08-BLG-SPW<br><br>ORDER |

On April 3, 2024, Defendant Jason Edwin Dynes pled guilty to 18 U.S.C. § 922(g)(1), prohibited person with a firearm. (Doc. 18). On October 3, 2024, Dynes filed a Motion to Withdraw his Guilty Plea before his sentencing, pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B). (Doc. 28). Dynes argues under Rule 11's "fair and just" standard that he would not have pled guilty if the Ninth Circuit's opinion in *United States v. Duarte*—finding § 922(g)(1) unconstitutional as applied to a nonviolent felon—had been available to him. (*Id.* (citing 101 F.4th 786 (9th Cir. 2024))). In May and June 2024, *Duarte* was the most recent decision evaluating the constitutionality of § 922(g)(1) in the Ninth Circuit. However, the decision was vacated in July 2024. 101 F.4th 657, *reh'g en banc granted, opinion vacated*, 108 F.4th 786 (9th Cir. Jul. 17, 2024). En banc oral argument is currently scheduled for the week of December 9, 2024. Order, *United States v. Duarte*, No. 22-50048 (9th

1

Cir. Aug. 2, 2024), ECF No. 87. As such, Dynes asserts that should the Ninth Circuit affirm its May 2024 decision, it would have direct implications on his Second Amendment rights. (Doc. 29 at 3, 5).

The Government opposes the instant motion. (Doc. 39). The Government argues that § 922(g)(1) challenges are not "new" and the "mere possibility" of changed law is not a "fair and just" reason for withdrawal. (*Id.* at 1–2). Setting *Duarte* aside, the Government argues that Dynes could have challenged § 922(g)(1)'s constitutionality under the United States Supreme Court's recent Second Amendment analysis in *New York State Rifle Ass'n, Inc. v. Bruen*. (*Id.* at 4 (citing 597 U.S. 1 (2022))). However, Dynes did not raise that issue before or when he entered his guilty plea. (*Id.*). Finally, the Government argues that this Court is bound to uphold the constitutionality of § 922(g)(1) provided the vacated status of *Duarte*. (*Id.* at 5–6 (citing *United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2010))).

Dynes did not reply.

For the following reasons, the Court denies Dynes's motion.

**I.      Background**

According to Dynes, on May 30, 2023, law enforcement responded to the scene of a single car accident. (Doc. 29 at 2). No occupants were located on scene. (*Id.*). On scene law enforcement found a CW40 .40 caliber semi-automatic pistol in the grass closest to the driver's side door. (*Id.*). The car was registered to Dynes.

2

(*Id.*). At the time, Dynes had convictions for two felonies: (1) possession of a controlled substance from 2010 in Utah and (2) criminal possession of dangerous drugs from 2019 in Montana. (*Id.* at 2–3).

On January 18, 2024, Dynes was charged with possession of a firearm or ammunition by a felon in violation 18 U.S.C. § 922(g)(1). (Doc. 2). He pled guilty to the charge on April 3, 2024. (Doc. 18). The Court scheduled sentencing for August 7, 2024. (Doc. 19).

In May 2024, a Ninth Circuit three-judge panel decided *United States v. Duarte* finding § 922(g)(1) unconstitutional as applied to a nonviolent felon defendant. However, on July 17, 2024, the Ninth Circuit granted rehearing *en banc* in *Duarte* and vacated the panel's decision. 101 F.4th 657, *reh'g en banc granted*, *opinion vacated*, 108 F.4th 786. After vacating the panel's decision, the Circuit Court set the matter for en banc oral argument for the week of September 23, 2024. Order, *United States v. Duarte*, 108 F.4th 786, ECF 82.

On July 18, 2024, Dynes motioned this Court to continue sentencing to await the Ninth Circuit's ruling because the *Duarte* decision would directly affect Dynes's charge. (Doc. 20 at 2). This Court granted the motion and set sentencing for October 17, 2024. (Doc. 21). Meanwhile, the Court held the Government's motion for forfeiture of property in abeyance pending the Ninth Circuit's mandate. (Doc. 25).

3

On August 2, 2024, the Ninth Circuit delayed *Duarte*'s oral argument for rehearing by three months, from September 23, 2024, to December 9, 2024. Order, *United States v. Duarte*, No. 22-50048 (9th Cir. Aug. 2, 2024), ECF 87. Consequently, this Court was compelled to lift the abeyance and "rule on the motion by its interest in the expeditious resolution of cases." (Doc. 26 at 2). Additionally, the Court ordered that the vacated three-judge panel's decision could not be relied on by a party to argue an issue in front of the Court. (*Id.*). Finally, the Court opined that it "cannot know how fast the Ninth Circuit will act or what it will decide." (*Id.*). Thus, "the lack of certainty on when the question raised in *Duarte* will be resolved favors resolution of the instant motion rather than waiting for an unknowable amount of time for the Ninth Circuit to act." (*Id.* at 2–3).

Almost two months after the abeyance lifted and 14 days before his sentencing, Dynes filed the instant Motion to Withdraw his Guilty Plea. (Doc. 28).

## II. Analysis

Federal Rule of Criminal Procedure 11(d)(2) permits a defendant to withdraw his guilty plea before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. Pro. R. 11(d)(2)(B). Rule 11's "fair and just" standard is interpreted broadly, requiring district courts to freely allow withdrawal anytime the defendant provides "any . . . reason for withdrawing the plea that did not exist when the defendant entered his plea." *United States v. McTiernan*,

4

546 F.3d 1160, 1167 (9th Cir. 2008). Those reasons may include "inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *Id.* (citation, internal quotation marks, and emphasis omitted). Nevertheless, "not every 'new reason' a defendant offers will merit withdrawal." *United States v. Hernandez*, 105 F.4th 1234, 1239 (9th Cir. 2024).

The district court may allow withdrawal under Rule 11's "fair and just" standard when the defendant meets two requirements. First, the defendant must offer "in good faith a 'new' basis for seeking to withdraw his plea, meaning that he subjectively did not know this 'new' reason for withdrawal at the time of his plea." *Id.* Second, the defendant "must show that objectively he could not have known or anticipated this 'new' material reason." *Id.* "Only then can the district court exercise its discretion to allow withdrawal under Rule 11's 'fair and just' standard." *Id.*

Here, Dynes claims his Second Amendment rights may be directly implicated should the Ninth Circuit's decision in *Duarte* be upheld on rehearing. (Doc. 29 at 3). Dynes offers *Duarte*'s procedural development as a good faith "new" reason for withdrawing his guilty plea under Rule 11. Specifically, he argues that the *Duarte* decision was the first successful § 922(g)(1) challenge at the Circuit Court level and he subjectively did not know of its existence at the time he entered his plea. (*Id.*). He then argues that he objectively could not have known or anticipated the *Duarte*

5

decision and its impact on nonviolent felons when he entered his plea. (*Id.* at 4–5). Therefore, Dynes would never have pled guilty if *Duarte* were decided before Dynes entered his plea. (*Id.* at 5).

The Government disagrees with Dynes. The Government argues that Dynes does not challenge Rule 11's adequacy, rather, Dynes is merely "jump[ing] on the [§] 922(g)(1)-challenge bandwagon." (Doc. 39 at 5). The Government states that Dynes had the benefit of raising a Second Amendment challenge under *Bruen* at the time of his plea but did not do so. (*Id.*). Further, at this point in the proceedings, "[l]itigating the validity of § 922(g)(1) is not 'new'" as Dynes suggests. (*Id.*). The Government emphasizes that since Dynes plea entry, this Court upheld § 922(g)(1)'s constitutionality even as applied to nonviolent felons. (Doc. 39 at 5–6 (citing *United States v. Lyles*, CR 23-122-BLG (2024); *United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2010))). The Government concludes that § 922(g)(1) remains constitutional and thus, no "fair and just" reason exists for Dynes to withdraw his guilty plea. (*Id.* at 6).

The Court will analyze the parties' arguments under Rule 11's "fair and just" standard.

A.   *Good-Faith "New" Basis*

Under Rule 11's "fair and just" standard, a criminal defendant may withdraw his guilty plea by offering a good-faith "new" reason. *Hernandez*, 105 F.4th at 1239.

6

"[H]e must show that he genuinely did not know of this 'new' reason to withdraw his plea at the time of his plea deal, and that this new reason is not a pretextual excuse." *Id.* Otherwise, the defendant may be experiencing buyer's remorse, engaging in gamesmanship, or requesting to withdraw his plea "simply on a lark." *Id.*; *United States v. Hyde*, 520 U.S. 670, 676 (1997).

Here, Dynes states that he did not know of the *Duarte* decision at the time he entered his plea, and had he known, he would not have pled guilty. The Court agrees that Dynes did not know of the *Duarte* decision at the time of his plea because it was impossible to know. The decision did not exist. The *Duarte* decision was filed on May 9, 2024, approximately one month after Dynes's change of plea hearing. From May to July 17, 2024, *Duarte* was new law and may have served Dynes as a "new" good-faith reason for withdrawal. Presently, the circumstances have changed. The three-judge panel decision is vacated, and Dynes asks this Court to consider the *Duarte* opinion as a good-faith "new" basis for withdrawal. Consequently, the Court cannot support Dynes's proposition.

The Court will not go so far as to label Dynes's reason for withdrawal as pretextual, but the reason is misguided. Dynes's reason is misguided because: (1) the Court cannot rely on a vacated decision as precedential authority and (2) "the lack of certainty on when the question raised in *Duarte* will be resolved favors

resolution of the instant motion rather than waiting for an unknowable amount of time for the Ninth Circuit to act." (Doc. 26 at 2).

First, the Court cannot accept the *Duarte* opinion as a reason to withdraw Dynes's guilty plea because the opinion is vacated. This Court recognizes that "a decision that has been vacated has no precedential authority whatsoever." *Marley v. United States*, 567 F.3d 1030, 1038 (9th Cir. 2009) (internal citation omitted). Without precedential authority, the Court cannot certify a vacated decision as a good faith "new" reason under Rule 11. This Court ordered in August that "the three-judge panel's decision, having been vacated, cannot be relied on by a party to argue an issue in front of the Court." (Doc. 26 at 2). Accordingly, this Court is bound by the ruling in *United States v. Vongxay*, upholding § 922(g)(1)'s constitutionality. 594 F.3d 1111.

*Vongxay*'s precedent stands, as this Court, other judges in the District of Montana, and other district courts in the Ninth Circuit have repeatedly held before *Duarte* and after *Duarte* was vacated. *See, e.g., United States v. Page*, CR 23-06-H, 2023 WL 8702081, at *2 (D. Mont. Dec. 15, 2023) (collecting District of Montana and other Ninth Circuit district courts holding that *Vongxay* "remains binding authority after *Bruen*"); *United States v. Thomas*, 2:22-cr-0129, 2024 WL 3459059, at *1 (D. Nev. July 18, 2024) (applying *Vongxay* after *Duarte* was vacated); *United States v. Coleman*, CR-23-02363-001, 2024 WL 3890710, at *2 (D. Ariz. July 29,

8

2024), *report and recommendation adopted by* 2024 WL 3888700 (same). *Vongxay* also is clear that there is no constitutional distinction between violent and nonviolent felons, undermining Dynes's claim that his nonviolent felonies would exclude him from § 922(g)(1)'s prohibition. *Id.* at 1116–17; *see also United States v. Phillips*, 827 F.3d 1171, 1173–74 (9th Cir. 2016); *Coleman*, 2024 WL 3890710, at *2.

Second, the Court does not know and cannot know how expeditiously the Ninth Circuit will or will not act. The lack of certainty favors resolution of the instant motion. Dynes claims that should the Ninth Circuit affirm *Duarte*, the decision may protect his Second Amendment rights. (Doc. 29 at 3). Dynes made a similar argument in his motion to continue sentencing. (Doc. 20 at 2 ("This matter concerning Mr. Dynes is closely related to the *Duarte* matter, and the ruling of the Court in that matter may have direct implications related to Mr. Dynes.")). While the Court granted the motion to continue, it ordered the Government's forfeiture motion (held briefly in abeyance) to move forward in the interest of expeditious case resolution. (Doc. 26 at 2). For the same reasons, the Court will not wait for an unknowable amount of time for the Ninth Circuit to act.

"[N]ot every 'new' reason a defendant offers will merit withdrawal," especially a reason lacking precedential authority. *Hernandez*, 105 F.4th at 1239. Though Dynes did not know about the *Duarte* decision when he entered a guilty plea, *Duarte*'s precedential status changed by the time Dynes motioned the Court.

9

Thus, the vacated *Duarte* opinion is not a good-faith "new" basis and is not a sufficient reason to justify withdrawal.

### B.   Objectively Reasonable Standard

If Dynes had offered a good-faith "new" basis for withdrawing his plea, the court would need to decide whether "proper [information] 'could have at least plausibly motivated a person in [the defendant's] position not to have pled guilty.'" *McTiernan*, 546 F.3d at 1168 (quoting *United States v. Garcia*, 401 F.3d 1008, 1011–12 (9th Cir. 2005). The court would need to determine whether the defendant could have reasonably understood or anticipated the "new" material basis when he entered his plea. *Hernandez*, 105 F.4th at 1240.

Here, Dynes states that he objectively could not have known or anticipated *Duarte*'s outcome and its implications on nonviolent felons. (Doc. 29 at 4–5). Dynes would have filed a motion to dismiss had *Duarte* been decided at the time he entered his plea. (*Id.* at 5). Accordingly, he requests to withdraw his guilty plea on the notion that any defendant in his position would not have pled guilty had *Duarte* been available.

The Court agrees that it was impossible to know when and how the Ninth Circuit was going to decide *Duarte*. If *Duarte* had remained in effect, it would have at least plausibly motivated a person in Dynes's position to plead not guilty. However, as analyzed above, *Duarte*'s vacated status, without precedential effect,

does not justify withdrawal under Rule 11. Therefore, the Court cannot analyze whether a reasonable person could have known about *Duarte* or anticipated *Duarte* at the time of plea because *Duarte* does not satisfy the good-faith "new" basis requirement.

### III. Conclusion

Accordingly, under Federal Rule of Criminal Procedure 11(d)(2), Dynes's reliance on *Duarte*'s vacated opinion is not a "fair and just" reason to withdraw his plea of guilt. IT IS SO ORDERED that Defendant Jason Edwin Dynes's Motion to Withdraw his Guilty Plea (Doc. 28) is DENIED.

DATED this 1st day of November, 2024.

_____
SUSAN P. WATTERS
United States District Judge